

**NUMBERS**
**13-12-00310-CR**
**13-12-00311-CR**
**13-12-00312-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ERIC JAMES ALVARADO,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

**On appeal from the 156th District Court**
**of Bee County, Texas.**

# MEMORANDUM OPINION

**Before Justices Garza, Benavides and Perkes**
**Memorandum Opinion by Justice Garza**

These three appellate cause numbers are related in that appellant Eric Alvarado's

community supervision was revoked in appellate cause numbers 13-12-311-CR and 13-

12-312-CR based, in part, on allegations related to appellate cause number 13-12-310-

CR.  We therefore issue a single opinion disposing of all three matters in the interest of judicial economy.

## I.  CAUSE NUMBER 13-12-310-CR

In appellate cause number 13-12-310-CR, following a bench trial, the trial court found appellant guilty of injury to a child, a third-degree felony, *see* TEX. PENAL CODE ANN. § 22.04(a)(3), (f) (West Supp. 2011), and sentenced him to two years' imprisonment.  By a single issue, appellant contends that the evidence is insufficient to establish that he "intentionally or knowingly" committed the offense.  We affirm.

### A.  Background

At trial, the State presented the testimony of four witnesses:  Kristopher and Jennifer Gomez (the parents of B.G., the child victim), and police officers Matthew Miller and Ryan Trevino of the City of Beeville Police Department.

Kristopher Gomez testified that in the early morning hours of New Year's Day 2011, he and his wife, Jennifer, and their two-year-old daughter, B.G., were attending a party at a friend's home.  Appellant and his common-law wife, Zenaida Cortez, were present.  Appellant was very intoxicated and attempted to walk away from the party.  Cortez tried to stop appellant from leaving.  Cortez's brother, Pablo Salinas, attempted to help her.  Appellant and Salinas argued, and Salinas knocked appellant to the ground.  Cortez, Jennifer, and Salinas's wife helped appellant get up and helped him into the Gomezes' vehicle.  Although Kristopher did not want appellant in the car because he was drunk, he did not protest because he did not want anything else to happen to appellant.  Kristopher put B.G. in the car seat, which was directly behind the driver's seat.  Appellant was seated in the middle of the back seat; Cortez sat next to him, behind the front passenger seat.  Kristopher drove; Jennifer rode in the front

2

passenger seat.

As they drove, appellant was "rambling" in the back seat. At one point, appellant leaned forward to speak to Kristopher, but Jennifer put her arm across the seat to keep him in the back. Suddenly, B.G. was screaming; Jennifer screamed that appellant had hit B.G. Cortez said, "Oh, my God, you F[']ed up, you hit her." Kristopher pulled over and called the police. According to Kristopher, appellant was alert the entire time and was never asleep in the car.

Jennifer Gomez gave similar testimony regarding the events. Jennifer said that when appellant got in their car, he was walking by himself. During the drive, appellant did not fall asleep at any time; he was talking the entire time. Jennifer was looking toward the back seat when she saw appellant punch B.G. Appellant swung at B.G. twice, but struck her once.

Officer Matthew Miller testified that he responded to Kristopher's call. When he arrived, he found appellant, intoxicated, a short distance from the vehicle. Officer Miller arrested appellant.

Officer Ryan Trevino also responded to the call. Officer Trevino made contact with Kristopher and Jennifer. Officer Trevino observed that B.G.'s cheeks were red and one cheek was more swollen than the other.

Cortez testified for the defense. Cortez stated that after appellant was knocked unconscious, she and Salinas's wife dragged him to the Gomez's car and put him inside. Cortez said appellant was "completely passed out." According to Cortez, appellant did not say anything; he was "knocked out." As Kristopher was driving them home, appellant suddenly woke up and started swinging. Cortez did not see appellant hit B.G., but when B.G. started crying, she assumed appellant hit her. Kristopher pulled

3

the car over.  Appellant got out and began walking away.  The police arrived and arrested appellant.  According to Cortez, appellant did not intend to hurt B.G.

The trial court found appellant guilty and assessed punishment at two years' imprisonment, to be served consecutively with the sentences imposed in appellate cause numbers 13-12-311-CR and 13-12-312-CR.

### A.  Standard of Review and Applicable Law

Appellant contends the evidence is insufficient to establish that he "intentionally or knowingly" injured B.G.

The *Jackson* standard "is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt."  *Brooks v. State*, 323 S.W.3d 893, 902–03, 912 (Tex. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  Under the *Jackson* standard, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson*, 443 U.S. at 319; *see Brooks*, 323 S.W.3d at 898–99 (characterizing the *Jackson* standard as:  "Considering all of the evidence in the light most favorable to the verdict, was a jury rationally justified in finding guilt beyond a reasonable doubt").  The fact-finder is the exclusive judge of the credibility of witnesses and of the weight to be given to their testimony.  *Anderson v. State*, 322 S.W.3d 401, 405 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (citing *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008)).  Reconciliation of conflicts in the evidence is within the fact-finder's exclusive province.  *Id.* (citing *Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000)).

4

We must resolve any inconsistencies in the testimony in favor of the verdict. *Id.* (citing *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000)).

We measure the legal sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Coleman v. State*, 131 S.W.3d 303, 314 (Tex. App.—Corpus Christi 2004, pet. ref'd) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "Such a charge [is] one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (quoting *Malik*, 953 S.W.2d at 240).

A person "acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." TEX. PENAL CODE ANN. § 6.03(a) (West 2011).

Injury to a child is a result-oriented offense requiring a mental state that relates not to the charged conduct but to the result of the conduct. *Baldwin v. State*, 264 S.W.3d 237, 242 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd). It is not enough for the State to prove that the defendant engaged in the alleged conduct with the requisite criminal intent; the State must also prove that the defendant caused the result with the requisite criminal intent. *Id.* The fact finder may infer intent from the accused's acts and words as well as the surrounding circumstances. *Id.* The fact finder may also infer the defendant's intent to cause the requisite harm from the victim's injuries, the method used to produce the injuries, and the relative size and strength of the parties. *Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995).

5

## B. Discussion

Here, the trial court was presented with conflicting testimony: Kristopher and Jennifer Gomez testified that appellant was conscious and talking in the car immediately before he struck B.G. Cortez testified that he was unconscious until he awoke and began flailing around. The trial court was the exclusive judge of the facts, the credibility of the witnesses, and of the weight to be given testimony. *See Brooks*, 323 S.W.3d at 899. The court was entitled to accept Jennifer's testimony that she saw appellant swing at B.G. twice, and that he struck her once in the face. The court was also entitled to infer appellant's intent to cause harm from Officer Trevino's testimony that B.G.'s cheek was red and swollen, Jennifer's testimony that appellant struck B.G. in the face, and appellant's superior size and strength compared to B.G.'s vulnerability as a two-year-old. *See Patrick*, 906 S.W.2d at 487. We conclude that the evidence was sufficient to establish that appellant intentionally or knowingly injured B.G. We overrule appellant's sole issue.

## C. Conclusion

We affirm appellant's conviction in appellate cause number 13-12-310-CR.

## II. CAUSE NUMBERS 13-12-311-CR & 13-12-312-CR

In appellate cause number 13-12-311-CR, pursuant to a plea agreement in July 2010, appellant pleaded guilty to two counts of theft of firearms, a state jail felony. *See* TEX. PENAL CODE ANN. § 31.03(a), (b), (e)(4)(C) (West Supp. 2011). The trial court sentenced him to two years' imprisonment, suspended the sentence, and placed him on community supervision for three years.

In May 2011, the State filed a motion to revoke appellant's community supervision, alleging numerous violations of the conditions of his community

supervision, including failure to report to his supervision officer and his alcohol consumption and public intoxication on January 1, 2011. On January 24, 2011, appellant signed a "Stipulation of Evidence," in which he admitted as "true" all of the alleged violations except the alleged injury to B.G.[1] Following a hearing on January 24, 2011, the trial court found the State's alleged violations "true," revoked appellant's community supervision, and sentenced him to two years' confinement.

In appellate cause number 13-12-312-CR, pursuant to a plea agreement in July 2010, appellant pleaded guilty to retaliation, a third-degree felony. *See id.* § 36.06 (West 2011). The trial court sentenced him to ten years' imprisonment, suspended the sentence, and placed him on community supervision for five years.

In May 2011, the State filed the same motion to revoke as filed in appellate cause number 13-12-311-CR, alleging numerous violations of the conditions of community supervision. As in appellate cause number 13-12-311-CR, appellant signed a "Stipulation of Evidence." Following the January 24, 2011 hearing, in which the trial court heard appellate cause numbers 13-12-311-CR and 13-12-312-CR together, the trial court found the State's alleged violations "true," revoked appellant's community supervision, and sentenced him to five years' imprisonment. The sentences in cause numbers 13-12-311-CR and 13-12-312-CR were ordered to run concurrently.

## A. *ANDERS* BRIEF

Appellant's appellate counsel has filed a motion to withdraw and a brief in support thereof in which he states that he has diligently reviewed the entire record in appellate cause numbers 13-12-311-CR and 13-12-312-CR and has concluded that

---

[1] We note that the "Stipulation of Evidence" incorrectly states that appellant was sentenced to ten years' confinement and placed on community supervision for five years in cause number 13-12-311-CR.

7

there is no reversible error. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel has informed this Court that he has (1) examined the record and has found no arguable grounds to advance on appeal, (2) served copies of the brief and motion to withdraw on appellant, and (3) informed appellant of his right to review the record and to file a pro se response.[2] *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). More than an adequate time has passed, and no pro se response has been filed in either cause. *See In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008).

## B. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's briefs, and find that the appeals are wholly frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgments of the trial court in appellate cause numbers 13-12-311-CR and 13-12-312-CR.

## C. MOTION TO WITHDRAW

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

8

In accordance with *Anders*, appellant's counsel has filed a motion to withdraw as his appellate counsel in both causes. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant the motion to withdraw.

We order that counsel must, within five days of the date of this opinion, send a copy of the opinion and judgments to appellant and advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)

Delivered and filed the
10th day of January, 2013.

---

[3] No substitute counsel will be appointed. Should appellant wish to seek further review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.